UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80193-CV-HURLEY/HOPKINS

JOE HOUSTON,

    Plaintiff,

v.

SOUTH BAY INVESTORS #101, LLC,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Entry of Default Judgment and Verified Application for Attorney's Fees, Costs, Expert Witness Fees, and Litigation Expenses [ECF No. 11]. This action was filed pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, on February 24, 2013. Defendant was served on February 28, 2013, and its answer to the Complaint was therefore due on March 21, 2013. No response having been filed, a Clerk's default was entered against Defendant on March 26, 2013. Plaintiff now seeks a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), including an award of litigation costs.

Upon a clerk's entry of default, a defendant is deemed to have admitted the well-pleaded allegations of the complaint. *Cotton v. Mass Mut. Life Ins. Co.*, 402 F.3d 1267, 1277-78 (11th Cir. 2005). The Court must now determine whether, in light of those admissions, Plaintiff is entitled to the judgment sought.

## BACKGROUND

Plaintiff, Joe Houston, is a Florida resident who suffered injuries that confine him to a wheelchair and limit his use of his hands and upper body. Plaintiff acts as a "tester" who visits public accommodations to determine whether barriers to access exist in violation of the ADA. In this connection and for personal reasons, Plaintiff visited Defendant's property ("the property"), a gas station located in this district.

Upon visiting the property, Plaintiff encountered barriers to access including insufficient clearance to access merchandise, lack of proper signage for accessible parking spaces, excessively high doorway thresholds, lack of grab bars in the restrooms, among others. *See* Compl. ¶ 11 [ECF No. 1]. Based on these barriers, Plaintiff retained legal counsel and filed the instant action seeking a declaration that the barriers violate the ADA, injunctive relief, and attorney's fees and costs.

## JURISDICTION

The Court has subject-matter jurisdiction over this action because it arises under the laws of the United States. 28 U.S.C. §§ 1331, 1343. Venue is proper because the property is located in this judicial district. 28 U.S.C. § 1391.

## DISCUSSION

### A.   Injunctive Relief

The ADA requires that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination under the

Act includes "a failure to remove architectural barriers . . . where such removal is readily achievable." *Id.* § 12182(b)(2)(A)(iv). Pursuant to 42 U.S.C. § 12188(a)(2), the Court has authority to order that facilities be modified so as to comply with the Act.

Plaintiff has submitted an affidavit from Peter Lowell, a contractor with experience evaluating buildings for compliance with the ADA. The affidavit lists violations Lowell encountered and verified based upon his experience assessing ADA compliance. Motion, Ex. A [ECF No. 11-1]. The affidavit also stated that six to nine months would be a sufficient period of time to bring the property into compliance. *Id.* Based on this evidence, the Court concludes that the requested injunctive relief is appropriate.

**B.     Fees & Costs**

Under 42 U.S.C. § 12205, the Court has discretion to allow a prevailing party to recover "a reasonable attorney's fee, including litigations expenses, and costs." A reasonable fee is calculated by multiplying a reasonable rate hourly rate for the services provided by the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Plaintiff requested fees and costs are comprised of the following sums:

(1)     21 hours of attorney work at a rate of $420 per hour for a total of $8,820;

(2)     1.5 hours of paralegal work at $115 per hour for a total of $172.50;

(3)     court costs of $428.25;

(4)     expert fees of $3,750 relating to the preparation of Peter Lowell's preliminary report; and

(5)     an anticipated reinspection fee of $750.

3

Thus, Plaintiff requests total fees and costs of $13,920.75.

Upon careful review, the Court finds Plaintiff's requested hourly rate reasonable in light of counsels' experience and citation to other cases in this district wherein the courts approved an identical rate. *See, e.g.*, Order Granting Motion for Default Judgment, *Houston v. Arshak Corp.*, No. 0:13-cv-60752-RNS (S.D. Fla. May 21, 2013). However, the Court finds that the requested hours should be reduced by thirty-five percent. The Court reaches this conclusion because Plaintiff's counsel submitted an identical complaint[1] in an identical case for the same plaintiff on the same day that he filed the Complaint in the instant case. *See* Complaint, *Houston v. Royal's, Inc.*, No. 9:13-cv-80194-KLR (S.D. Fla. Feb. 24, 2013) [ECF No. 1]; *see also Hoewischer v. Shopping Ctr. Developers of Fla., Inc.*, No. 3:12-cv-106-J-99TJC-TEM, 2012 WL 7638188, at *2 (M.D. Fla. Oct. 5, 2012). The Court also notes a virtually identical complaints in cases filed over the prior two years. *See* Complaint, *Access 4 All, Inc. v. Beall's Outlet Stores, Inc.*, No. 9:11-cv-80423-KAM (S.D. Fla. Apr. 21, 2011) [ECF No. 1]; Complaint, *Access 4 All, Inc. v. Crosstown Plaza Assocs.*, No. 9:12-cv-80088-DTKH (S.D. Fla. Jan. 31, 2012) [ECF No. 1]. Although Plaintiff's motion notes that counsel's continuing relationship with the client "has led to increased efficiency in the prosecution of this litigation," the motion does not describe this efficiency in detail, leaving the Court to wonder whether counsel has properly accounted for the fact that his efforts toward drafting the complaint in the instant case contributed to other cases as well. Given the similarities between the instant complaint and complaints Plaintiff filed in previous and contemporaneous cases, the Court doubts

---

[1] The only difference between the two complaints are the details of the defendant(s) specific violations listed in the subsections to paragraph eleven.

counsel could reasonably spend eighty-four minutes preparing the Complaint (along with a further twelve minutes making revisions, six minutes emailing the complaint to the client in whose name multiple identical complaints have been filed, and six minutes reviewing the filed complaint).

Similarly, counsel's conversations with Plaintiff likely contributed to multiple cases, but Plaintiff's failure to apprise the Court of the related cases counsel is handling leave the Court only to speculate. Particularly in a case such as this one in which the opposing party has not participated, it is imperative that Plaintiff furnish the Court with all of the information necessary to fully evaluate a fee application.

In addition, Plaintiff did not provide specific details regarding $3,750 requested in connection with the expert's report or the $750 requested to perform a future reinspection. Although Plaintiff provided an exhibit listing tasks performed by the expert and a final calculation of fifteen hours at $250 per hour, Plaintiff does not allocate time spent among the tasks, nor does Plaintiff give an indication of whether courts have previously found similar requests reasonable. Plaintiff's citations with respect to a reinspection fee only support the proposition that such fees have been awarded, not what a reasonable amount of such an award would be. For these reasons, the Court will reduce both the expert fee and reinspection fee by twenty-five percent.

In all other respects, the Court finds Plaintiff's request for fees and costs reasonable. Thus, in exercising its discretion to award fees under 42 U.S.C. § 12205, the Court will award Plaintiff the following amounts: attorney's fees of $5,733, paralegal fees of $172.50, costs of $428.25, expert fees of $2,812, and an anticipated reinspection fee of $562.50, for a total award of $9,708.25.

Order Granting Motion for Default Judgment
Houston v. South Bay Investors #101, LLC
Case No. 13-cv-80193-DTKH

## CONCLUSION

In light of the foregoing, it is hereby **ORDERED** and **ADJUDGED** that:

1. Plaintiff's motions for default judgment [ECF No. 11] is **GRANTED**.

2. Pursuant to Rule 58(a), Fed. R. Civ. P., the Court will enter final judgment in a separate document.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 25th day of July, 2013.

Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record*

South Bay Investors #101 LLC
c/o Mohammed Maniruzzaman
9253 Delemar Ct
Wellington, FL 33414

zaman1430@hotmail.com

6